We have a busy morning in front of us. We have four cases to be argued. We received the briefs and the court's ready to entertain the arguments of the parties. Mr. Cipolla, you are reserving four minutes of your time for rebuttal. Is that correct? All right, sir. You may proceed. The first case, by the way, it's 17-2292 MTD Products Inc. v. Iancu. It's the one that relates to the 801145A patent. May it please the court, your honors. This case is simple. The board's claim construction decision in this case is erroneous under the at least three reasons. First, the mechanical control assembly term that is in every claim is a nonce term and the functions it is required to perform recited in Claims 1 and 9 are a means plus function element. The board itself held that this claim language favors such a claim construction. The plain claim language controls here. Second, the other intrinsic evidence, the specification and the file history fully support this claim construction as I'll explain. You characterize mechanical control assembly as a nonce term? Correct. And ordinarily, we look at a nonce term as a term in the abstract, highly generalized term like module. But this term says mechanical gives you some sort of control. And then assembly, how is that a nonce term? It is a nonce term in that mechanical coupled with assembly really is a mechanism. And I think all the experts agreed on that in this case. And mechanism has many times been held by this court to be a nonce term. Did the PTAB say it's a nonce term? Yeah, the PTAB said that it is a nonce term at appendix APPX 21 to 23 and said it was a nonce term. It favored a means plus function claim, the entire claim language of the claims including the functional. But then the PTAB turned to the specification and the file wrappers. And the PTAB relied upon the expert testimony, five pages of the expert testimony and used the wrong standard. The PTAB then went and just looked not whether the term mechanical control assembly provides sufficiently definite meaning for structure, but just looked at whether the specification described structures that maybe the PTAB was saying. And just correct me if you think I'm wrong. But I thought what the PTAB was saying was you have some brief, I don't remember which one it was, where you said the mechanical control assembly is the ZTR control assembly in the specification or is known as the ZTR control assembly in the specification. And then the board looked at that and said, oh, that's then maybe lexicography or some sort of admission that causes us to say when we look at mechanical control assembly, it does have a definite meaning as defined by this patent owner as being a ZTR control assembly, which is something specific. Well, there's a number of issues there. But the main thing is, is that's in our view really irrelevant. If you look at it. I understand, but you agree first. I see the problem. I agree that there's a point. Wait, wait, don't interrupt me. I'm sorry. That's right. I just want to make sure that you address my question. So I need to be able to ask them. So my question is, do you think that what I've said is a correct way to understand the PTAB's decision? I'm not saying that I agree with the PTAB. I just want to know if that is correct in my understanding of what they held and what the reasoning was. Yeah, I think part of their reasoning was that we did in our brief at one point say that the opening parts of our brief, we said mechanical control assembly is described in the specification. You said it's referred to as the ZTR control assembly on page four or five of your. Yes. Yes, we did. We did say that. But we went on throughout the entire brief to describe what the ZTR control assembly is. And I would submit that that really is irrelevant because the ZTR control assembly also, in my view, is another nonce term, maybe even worse than mechanical control assembly. And the ZTR control assembly description is really just a collection of parts. But isn't a ZTR control assembly, it's more definite than mechanical control assembly because at least you know it's an assembly that does zero turn radius as opposed to mechanical. Could be anything, right? Right, absolutely. Mechanical control assembly, however, doesn't appear anywhere in the spec. And claim one is far broader. We may have made a faux pas in our brief when we did that. We made many arguments. We did not waive them contrary to what the director said. In our SIR reply, which we were permitted, we pointed out that claim one doesn't require a zero turn. It doesn't require a zero turn. It only requires steering forwards and backwards. Unlike claim nine? Unlike claim nine. And so it's broader than a ZTR control assembly. And so mechanical control assembly is something more than just the ZTR control assembly that's in the specification. I think that you attempted at one point to look and see if the word mechanical control assembly had been used in prior patents and prior articles and couldn't find anything or maybe you did find something but it was from different types of art because what could you tell me about that? Yeah, we looked far and wide in patents and dictionaries. We couldn't find any definition anywhere for mechanical control assembly but we did look at other patents. One windshield wipers come to mind as one of them where mechanical control assembly was just referred to as a collection of parts. So we did do that and I think that the PTAB found that actually persuasive when they concluded that the actual term mechanical control assembly favors being a non-stern. Did I answer your question? Yes, you did. Can I ask you, I realize you haven't mentioned, I think you said you had two other points. I assume one of them is your, let's call it a due process point or something. Am I right in thinking that if we agree with you about your claim construction, we do not need to reach any question about whether the board denied you some procedurally necessary opportunity to put on evidence? I thought about this quite a bit, your honors. I think if you reach the conclusion that the claim construction should be reversed or changed to a mechanical or to a section 12 paragraph 6 construction that we're at a point where the corresponding structure hasn't been identified and it was definitely disputed below and we were not, we have the first say on that matter. We have the burden of persuasion and we never got a chance to rebut the facts that the which I guess didn't bowl me over that maybe you were entitled to outright reversal because a regulation required Toro to have identified a corresponding structure in its petition even though at that stage it did not think this was a 112-6 claim at all, which struck me as a far-fetched reading of the regulation. Having not had any experience with that regulation and having we did a lot of research on it, we really this was sort of an oddball situation where we don't know if the rules really dealt with a situation where there would be a dispute. But your position today is... My position today is most after thinking about it hard that it should be remanded and we should get a chance to present our rebuttal evidence on what the corresponding structures are in their construction and then a decision on what they are being made by the PTAB. Toro is not here anymore, right? No, he settled and they're not. What's your understanding of what should happen on remand since Toro hadn't put on corresponding structure evidence? No, they had, but we had not had a chance to rebut it. I see. Because it's our burden of proof on... Well, you had a chance for a sure reply, correct? We had a chance for a sure reply, but we were not permitted to put in any evidence. Did you file a sure reply at all? Yes, your honor. What impact, if any, do you think the BRI standard has on the question of whether something is written in means-plus-function format? Where in a case like this, there's arguments being made on both sides for why it is or isn't in means-plus-function format. And what is the BRI's impact on that? Yeah. I think I have read some cases in the rules that this is one exception of the BRI when IPRs first came on is that means-plus-function is one exception where the BRI should not be used. Okay. Anything else? You still have five minutes. Well, you got a minute before you get into your rebuttal time. Your honors, I know the board most heavily relied upon this file wrapper argument that was made that this claim term was structural during the file history. And I would submit that and it was the board thought that was inconsistent with arguing that there's a means-plus-function claim here. And I would submit it's not inconsistent. I mean, all means-plus-function claims have to be structural. They have to be structural and the claim element itself, even though it didn't use the word means, it is in classic means-plus-function format already. It's structural just because you find the structure written in a different place, not under one of the numbered claims, but in the body of the specifications. So the claim remains structural with all the required functions, which are just not intended uses, which is what the subject of the debate was in the prosecution history. That's your position. Correct. No, I'll wait for my rebuttal. Okay. All right, good. Let's hear from Mr. from Attorney Salwart. May it please the court, Peter Salwart for the USPTO Director. Thank you, Mr. Chair. There are two issues before this court today in the review of this IPR. The first, as you are already aware, is the weather. Can I ask you a question? Just jump right in. Do you know of any evidence of prior patents or articles, technical articles that use the term mechanical control assembly to have a certain structural meaning, like a specified class of structures or anything like that? I'm not aware of any of the evidence in the record on that issue, Your Honor. But I think what's important is... But there is evidence on the record, I guess, submitted by the appellant here that would suggest that mechanical control assembly has been used in different contexts. That's correct. Okay. I think it's not the most specific term that could be used, but it's not the vaguest either. I'd like to start with the board's finding was... That does leave us with a lot of room between those two polls. Yes, Your Honor, and I'm going to try and narrow that down considerably right now. I think what the board did in its decision was walk through each of the steps that this dictates to look at all of the evidence that it had in the intrinsic record and from extrinsic sources, and then look at that all together to determine whether this term should be treated as means plus function. And so looking at one part of it, just the words mechanical control assembly in isolation is a mistake. Procedural impeccability of the board's process is really not the issue here. It's when we go through each of those steps, what do we find? And on the claim language itself, the board more or less agreed with the other side just in an isolated sort of way, and then found some support in the spec and quite a lot of support in the prosecution history, and we have to evaluate the strength of essentially those two walking through that process because it was thorough and done correctly by the board, helps understand, this court understand why the board was persuaded to come out the way it did. We're not engaged in a psychological enterprise. Tell us why you think that is your friend on the other side's argument about the spec is, I mean, what's your answer to that? He says the spec actually isn't terribly strong for the board side and neither is the prosecution history. What are your answers on the merits? So on the specification, on the first point, there was discussion already about whether a ZTR control assembly and a mechanical control assembly should be treated, viewed similarly when reading the specification. And the board found that they should, as your honor already pointed out, pointing to Patent Owner's response at 5, where Patent Owner made a very specific statement that a mechanical control assembly referred to in the specification as a ZTR control assembly is generally shown and described in the specification, and then Patent Owner cited to Appendix 60, Column 3, Lines 40 to 41, which describes Figures 2 and 3 of the patent as showing a ZTR control assembly, Lays number 31. And so the Patent Owner made... Why is that describing the corresponding structure? I mean, I just, I see the point the board made. I'm just, I have a hard time understanding. It's hard to know when is someone being a lexicographer and defining something versus when are they identifying the corresponding structure? I understand, your honor. I'm just trying to establish a preliminary point, which is that the board was relying on what the patent specification says about ZTR control assembly in making that determination, which has been challenged here today. And there is no description of a mechanical control assembly separate in the specification. And so what the board did was look to the description of ZTR control assembly and they found, looking primarily at... We know what they did. I'm just trying to help you. We know exactly what they did, because we read their decision and we thought about it a lot. So then the question is, why are they right? Yes. And the board is right because they found in the patents best specific description of this ZTR control assembly in terms of its inputs and its outputs, in the way that it functions, in a way that's similar to other cases where this court has relied on similar descriptions in the specification. The director relied... Can I just, can I just, and this is a point that I know that you've seen come up in some of our decisions before. Even in a pure indisputable means language 112-6 case, there will in fact be corresponding structure, or at least there should be if you're even intending to draft it that way. So the fact that there is structure in the spec, that fact alone doesn't really help you determine whether this is an ordinary non-112-F claim or a 112-F claim. Right. And Your Honor, I think it's... Is the term being used when you read the specification as a descriptor for a class of devices. And I think referring to the Apple Motorola case that the director cited, there are several examples of that cited in there. One of the cases is linear technology. And this court looked at the term circuit. And as a person with a background in electrical engineering, circuit to me is no more specific than collection of gears or mechanical control assembly. And yet this court found that circuit in combination with the description and the specification of the inputs and outputs for the circuit and how it would operate was enough to be sufficient structure. And I think that's very analogous. We have the mechanical analogy to that electrical situation here. Similarly... Right. But what we don't have here is the use in the spec of this claim phrase. Right. And that distinguishes it from heuristic in Apple Motorola, which was all over the spec. I assume, I don't remember in linear technologies, the circuit was actually used in the spec. Had to be, right? Yes, Your Honor. But that was my preliminary point about ZTR control assembly in the spec should be treated as equivalent to the mechanical control assembly. There's nothing to distinguish them. There are not two separate structures that you could parse out. Sorry. The claim term is mechanical control assembly. And then that is different than ZTR control assembly, isn't it? It's different words, Your Honor. But there's nothing to distinguish those two terms in the specification because there's only one embodiment described. There's no way to parse out a mechanical control assembly that is broader or more generic than a ZTR control assembly because there's only one set of structures disclosed. And claim nine makes it reasonably clear that not all mechanical control assemblies enable zero turning radius. And I think that's support for the board's position, Your Honor, because if we treat, then that suggests that mechanical control assemblies are a class of device that is broader than ZTR control assemblies, if there is to be different. Every 112F claim is going to refer to a class of devices. The question is how that class is defined, whether it's defined only functionally or whether it's defined by language that imports a structural aspect to the definition. And that's what's a little bit hard on its face to find with this term. Indeed, the board found on its face it probably wasn't there. Well, the board found that looking at the claims alone, it wasn't there. But in view of the specification in the prosecution history and the expert testimony that it was there, taking those things together, there was sufficient structure to define a mechanical control assembly. Remind me what expert testimony you're referring to. Yours? Not yours. Toro's? It was Toro's expert, Dr. Reinholtz. It's appendix 2372 to 2377. Paragraph, that's paragraphs 39 to 42 of the second Smith declaration. I'm sorry, I said Reinholtz first. I should have said Smith. Toro's expert. What was Toro's name? Toro's expert was Dr. Smith. And so the board relied on Dr. Smith's second declaration. Again, I did give the correct appendix site, 2372 to 2377. And the board clearly applied the correct standard to find sufficient structure. The board recited that standard at appendix 30. And again, at appendix 36 in rejecting an argument by Toro that it thought was set the threshold too low for sufficient structure. And the director has maintained that argument, for example, at pages 23 and 24 of the director's brief. So I don't think- Let me ask you something. If I don't agree, I'm struggling. I'm struggling with the reliance on the specification, I think, because one of the reasons why, if the claim was actually written in means plus function format, nobody would look to the specification. If it was really means for doing this in the standard means plus function format, you wouldn't look to the specification and say, oh, the specification here has a very definite structure. So therefore, we're going to find that it's not in means plus function format. I'm very confused by the fact that when everybody agrees, including the board, that the broad term used in the claim is a nonce term, how can the specification, just because it uses a different term, how is that defining the nonce term as opposed to just disclosing corresponding structure? It's defining the nonce. It's using the term in the specification as a name for structure. But it doesn't use the term in the claim. It uses a different term. That's correct, Your Honor. But the patent owner admitted that are the same thing. Well, I don't know that they did that. I mean, I realized that was language where they said it's referred to in the specification as ZTR. But then later in their brief, they talk about how, you know, we think this is in 112-6 paragraph format. We think the corresponding structure is the ZTR mechanical structure. I mean, they have that in there. So I'm not sure if that one sentence provides such an admission that we should say, well, because you said it's the same thing. You didn't use means plus function format claiming here. Well, assuming for a moment that mechanical control assembly was a means plus function term, and it's not used in the spec, and it's not equivalent to ZTR control assembly, then they have a written description problem. Because mechanical control assembly isn't in there anywhere, how can it possibly be linked to any structure for performance functions? Because you looked in a means plus function format claim. You find the structure that identified in the claim limitation, and that is the corresponding structure. There's no structure. There's no written description problem. I don't understand that point. Even looking at the specific structures, there is nothing in the specification that would let you make a set of structure to correspond to mechanical control assembly that is different than what you would come up with if you were trying to write, come up with a corresponding structure for ZTR control assembly. There's one embodiment, especially as regards the control assembly. So if you do it, if you put in the structures that are disclosed, you wind up with a ZTR control assembly. It's not like you can, there's some alternate embodiment that they did first, and they said, if you add parts B, C, and D, now it's a ZTR. There's nothing like that. There's only one unified description. If someone had a means plus function claim, like written means for doing this, and it was undisputed, that it would be a problem if they only had one embodiment disclosed? No, but I'm saying that there would be no difference between claim one and claim nine. If they're both means plus function terms, you can't come up with two different sets of structure to correspond to claim one and claim nine. There's only one set of structure in the specification. And so the claims wind up being exactly the same. And so this debate about whether a ZTR control assembly is different winds up being irrelevant or a- I don't know that, okay. I guess I'm just, maybe I'm not expressing myself well, but I'm just having a hard time understanding why the nonce term becomes defined by ZTR. I, anyway, I'm sorry, I'm not asking a very good question at all. Please continue. I understand, Your Honor. I'd like to say, I don't think the mere use of a different phrase, ZTR control assembly, all standing by itself in the specification is enough to give it a definition. And I'm not trying to argue that. It's that we can look at all the ways ZTR control assembly, that term is used in the specification, and how it's described, how it's treated, the way it's used in the language, and see is it treated as a structural term, as meant to stand in for something else, for a class of products, like a circuit. It's, so there wasn't a common understood coined term, like a transmission in a car for this. So they're using this, you are, you would make the same argument, I assume, for mechanical control assembly as ZTR control assembly. Because your argument is that this term, mechanical control assembly, is a specific structure because the ZTR control assembly is a specific structure. But you're making the same argument regardless of the term, right? Yes. Okay. I'm almost done. You're out of time, sir. So, Your Honor, can I just make two very quick points? Yes. If you, if the court finds that this is a very close question, the patent owner did not use the word means, and it's their burden to show that means plus function analysis should apply. Similarly, broadest reasonable interpretation does apply to IPR proceedings, as we stated in our brief, the Sky case. That's at page 27 and 28 of the brief. And just really quick on the procedure. Judge Stoll asked a question of your friend on the other side. Has BRI been applied to answer the question, does 112F apply? Yes. Is that what Sky does? Yes. It does BRI on the question whether it is a 112F claim? Yes. Okay. And just very quickly on the due process question. As the director said, Belden clearly answered that issue. There's no right to serve rebuttal evidence. It's discretionary and patent owner, the appellate here has not made a strong showing as to why they should have received it. Thank you. Counselor, you've got four minutes. First of all, getting down to when there's a definition or there's just a broad a description of a collection of parts that make up a, or just a broad description of parts in this sort of a context when you have a means plus function, alleged application when there is no use of the word means. I think the Welker bearing case at 550F31090 is pretty instructive there. In that case, the nonce term that was not the word means was found to be a means plus function claim and the specification repeatedly described a structure and it was a lot more specific than this case. The nonce term there was a mechanism for moving said finger and the court repeatedly went to the specification and pointed out that the clearly, and the word mechanism for moving said finger was used in the spec and it pointed out that this is a rotating central post. But then the claim just said mechanism for moving said finger and the court there found the terms to be a means plus function element. So there was a lot more specific definition than here and still found a means plus function element. Going back to the testimony of Mr. Smith that the board relied upon below 23-722-27. If you look at that testimony, all that Mr. Smith says is that all of the structures in the specification are structural. He never says that it's specific definition or specific enough that mechanical control assembly is specific enough that someone ordinarily skilled in the art would understand it as some structure. He just says GTR control assembly has all these structures and they're structural and he goes on for five pages. Am I right or wrong in remembering that the board did not find that there was an understanding out in the world beyond the confines of this patent among relevant skilled artisans about a structural meaning to this three-word phrase? Correct. Yeah, in fact, the board actually stated that the claim language in its entirety tends to favor patent owner's position. And it recited Dr. Reinholtz's testimony that there was no such extra usage, extra patent skilled artisan world usage and understanding, but it didn't either specifically disagree with it or endorse it, I think. Is that right? I believe you're correct, Your Honor. Yeah, I mean, the specific holding of the board was that the genericness of the term bears similarities to other words or phrases that have been held to be subject to 112 paragraph six, because they do not connote sufficiently definite structure. And that's at appendix 19. Final rebuttal point. There's not just one embodiment in the specification. There's a number of structures described alternatively. One comes to mind as a cable versus a solid rod or arm that could be used in one part of the mechanical control assembly. There's a number of other alternative embodiments and structures that are identified as the corresponding structure. And finally, the ZTR control assembly references in that specification. I mean, if anyone looked at that, anyone that's not a patent lawyer, anybody that doesn't do this and tried to say that there's some definition, some specific definition in there for that, I think they would be wrong. It's not a specific definition. We have a dash and the definition. It is just used to refer to the whole collection of parts that make up the whole patent. Thank you, your honor. Thank you. Our next case is 17 dash 2294 MT.